STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Sunset Cliff, }
Inc., Strathmore Homeowners= }
Association, Inc., and Brian } Docket No.  26-2-01 Vtec
and Lori Sullivan, <u>et al.</u> }
 }

<u>Decision and Order on Appellants= Motion for Summary Judgment</u>

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Burlington granting final plat approval to Appellee-Applicant Keystone Development Corp. for construction of a planned residential development known as A Scarlet Circle.@ Appellants Sunset Cliff, Inc. and Strathmore Homeowners= Association, Inc. are represented by Liam L. Murphy, Esq. and Lisa B. Shelkrot, Esq.; an Appellant Group consisting of forty owners or occupants of property in the vicinity of the project is represented by Brian J. Sullivan, Esq.; Appellee-Applicant Keystone Development Corp. is represented by Vincent A. Paradis, Esq.; and the City is represented by Joseph E. McNeil, Esq. and Kimberlee J. Sturtevant, Esq.

Appellants have moved for summary judgment on Questions 16 through 19 of their Statement of Questions, regarding whether the DRB improperly subdelegated its approval authority; and on Questions 14 and 15 of their Statement of Questions, regarding whether Appellee-Applicant Keystone has the ability to dedicate streets and roadways within the development. Although in the pretrial conference the parties discussed and the Court expected that summary judgment would also be addressed to Questions 9 through 12 regarding the sufficiency of the public hearings, Appellants did not address those questions, and they are therefore reserved for the hearing on the merits[1]. The following facts are undisputed unless otherwise noted.

Appellee-Applicant proposes to construct a planned residential development (PRD) consisting of 148 residential units[2] in 33 detached structures on a 40-acre parcel in the City= s waterfront residential low density (WRL) zoning district. The parcel is owned by the John J. Flynn Estate, of which the Chittenden Bank is trustee. A representative of the Chittenden Bank signed the zoning permit application in March of 2000, in addition to Appellee-Applicant= s earlier filing. A PRD is a permitted use in this zoning district. The DRB granted preliminary plat approval on April 13, 2000, and granted final plat approval at its meeting of January 9, 2001, after holding five public hearings from October to January. The January 9, 2001 DRB decision addresses requirements of both the subdivision[3] ordinance and the zoning ordinance, and includes many conditions.

<u>Questions 14 and 15</u>

Appellants argue that Appellee-Applicant is unable to show that it has the legal capacity to dedicate streets to the City at some future time, and otherwise has the legal capacity to carry out the proposed development, and therefore it should not be permitted to proceed with its

application. While it is true that demonstration of this capacity may be necessary as a prerequisite to approval of a site plan, as well as to approval of the zoning permit, there is no reason why Appellee-Applicant cannot proceed with its application before the Court at this time. The lack of that showing does not require summary reversal or denial of the plat approval; it merely must be an issue during the de novo proceedings before this Court.

Questions 16 through 19

Appellants seek remand, arguing that conditions imposed by the DRB in its decision on several design review criteria, the inclusionary zoning requirement, and several subdivision criteria, amount to improper subdelegations of approval authority.

A DRB must consider and rule on each of the approval standards applicable to an application before it. In turn, an application, such as the site plan at issue in the present case, together with the information presented to the DRB during the hearings on the application, must be complete and detailed enough to enable the DRB to rule. When an application does not provide the information sufficient for a DRB to rule on a particular standard, the DRB should require supplementary information to be presented at a later hearing, not only to allow the DRB to rule, but to allow the DRB staff or other municipal departments, as well as interested parties and the public, to comment on the supplementary information. It is not sufficient to leave the later information to be reviewed by another municipal department or by the DRB staff, because such a procedure deprives interested parties from being heard on the supplementary information. Such a procedure creates the impermissible subdelegation challenged by Appellants in the present appeal. For example, the DRB cannot provide that A effects on water quality (storm water runoff, drainage, etc.) shall be reviewed by the Department of Public Works prior to the commencement of construction,@ because the lack of the storm water drainage and treatment system design makes it impossible for the DRB to conclude that the project will not result in undue impacts on water quality, and that conclusion is required for the DRB to be able to issue the subdivision approval in the first place.

By contrast, certain zoning or subdivision standards may require that another agency or municipal department make a particular ruling before the DRB can complete its work on the application before it. Such a requirement is not subdelegation; the authority rests under the ordinance with the other municipal department. For example, under ' 14.1.4 of the Zoning Ordinance, the Housing Trust Fund must issue its certificate of inclusionary housing[4] compliance prior to the DRB= s granting subdivision approval. For the DRB to require proof that the certificate has issued is not subdelegation. However, neither can the DRB go ahead and rule on the subdivision approval, contingent upon the later issuance of the certificate, because the Zoning Ordinance requires it to have occurred prior to the DRB ruling.

Once a DRB has made a ruling on a specific standard, and has imposed a sufficiently specific condition (for example, that curb cuts shall be a particular width), it is also not illegal subdelegation for the DRB to require that a staff member or other municipal department determine whether that condition has been met, prior to releasing the zoning permit or prior to issuance of a certificate of occupancy. The test is whether the condition imposed by the DRB is

sufficiently specific for the permittee and the public to determine whether it has been complied with.

Based on this analysis, it is apparent that the DRB decision in this case is flawed, and that certain of its findings and conditions fail to comply with the Zoning and Subdivision ordinances or contain impermissible subdelegations. However, as the appeal is <u>de</u> <u>novo</u>, it is unnecessary to remand this matter to the DRB for any further DRB action. Rather, during the proceedings in this Court the parties may argue for different findings, conclusions and conditions in the Court= s decision on the application. Accordingly, Appellants= Motion for Summary Judgment is GRANTED in PART, on Questions 16 through 19, in that the DRB decision contains some impermissible subdelegations and premature rulings, but DENIED in PART in that no remand is warranted.

We will hold a conference **in person** at the Chittenden District Court (Costello Courthouse) on Thursday, November 29, 2001 at 1 p.m. to discuss the scheduling of this matter for a hearing on the merits. The parties should be prepared to discuss any substantial changes in the project or its plans since the appeal was filed, and whether any other proceedings must be completed in any other forum.

Done at Barre, Vermont, this 13th day of November, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]    In its responsive memorandum Appellee-Applicant requests dismissal of Questions 9 through 12. However, those questions involve the merits of the appeal, as well as the adequacy of the hearings held on those issues. Appellants were not obligated to move for summary judgment on those issues, and no grounds appear for the dismissal of those issues.

[2.]    Material facts are disputed or at least have not been established as to whether the units will be rental units or held in condominium ownership.

3. We note that Appellants have submitted a copy of the Subdivision Ordinance that only contains every other page! The omission did not affect the Court's ruling on the motions; however, the parties should be prepared to provide a complete copy at the hearing on the merits.

4. We note that this certificate, in turn, appears to depend in part on whether the units will be rental units or in condominium ownership (compare §14.1.7 with §14.1.8).